UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-637-RJC

| | | |
|---|---|---|
| **AISHA M. EL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| | ) | |
| **CAROLYN W. COLVIN,**[1] | ) | |
| **Acting Commissioner of** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment,

(Doc. No. 11), and Memorandum in Support, (Doc. No. 12), and Defendant's Motion for

Summary Judgment, (Doc. No. 13), and Memorandum in Support, (Doc. No. 14).

I.      **BACKGROUND**

A.      Procedural Background

Plaintiff Aisha M. El ("Plaintiff") seeks judicial review of Defendant's denial of her

social security claim.  (Doc. No. 1).  On February 6, 2009, Plaintiff filed an application for

supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §

1383 et seq.  (Doc. Nos. 9-4 at 2, 5; 9-6 at 2-4).  On May 15, 2009, Plaintiff filed an application

for a period of disability and disability insurance benefits ("DIB") under Title II of the Social

_____

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as the defendant in this suit.  No further action need be taken to
continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42
U.S.C.§ 405(g).

Security Act, 42 U.S.C. § 405 et seq.  (Doc. Nos. 9-4 at 3-4; 9-6 at 5-8).  In both applications, Plaintiff alleged an inability to work due to disabling conditions beginning on September 3, 2006.  (Doc. Nos. 9-6 at 2, 5; 9-7 at 18, 30).  The Commissioner denied Plaintiff's application initially on September 3, 2009, and again after reconsideration on November 25, 2009.  (Doc. No. 9-5 at 2-10, 18-26).  Plaintiff filed a timely written request for a hearing on January 25, 2010.  (Id. at 27-28).

On October 26, 2010, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ").  (Doc. No. 9-3 at 49-72).  The ALJ issued a decision on January 14, 2011, denying Plaintiff's claims.  (Id. at 29-41).  Plaintiff filed a request for review of the ALJ's decision on or about March 8, 2011, which was denied by the Appeals Council on July 27, 2012.  (Id. at 2-6, 48).  Therefore, the January 14, 2011, ALJ decision became the final decision of the Commissioner.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on September 25, 2012.  (Doc. No. 1).  Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Plaintiff's Memorandum in Support, (Doc. No. 12), were filed February 4, 2013; and Defendant's Motion for Summary Judgment, (Doc. No. 13), and Defendant's Memorandum in Support, (Doc. No. 14), were filed April 1, 2013.  The pending motions are ripe for disposition.

B.     Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between September 3, 2006, and the

date of his decision on January 14, 2011.[2]  (Doc. No. 9-3 at 32-33).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).  The ALJ concluded that Plaintiff was not under a disability at any time from September 3, 2006, through the date of his decision, January 14, 2011.  (Doc. No. 9-3 at 29-41).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

<u>See</u> 20 C.F.R. § 404.1520(a)(4)(i-v).  In this case, the ALJ determined at the fifth step that

---

[2] Under the Social Security Act, 42 U.S.C. § 301, <u>et seq.</u>, the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

Plaintiff was not disabled. (Doc. No. 9-3 at 39-40).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since September 3, 2006, the alleged disability onset date. (Id. at 34-35). At the second step, the ALJ found that Plaintiff had the following severe impairments: "left eye blindness, status post enucleation, obesity, bipolar disorder, and depression." (Id. at 35). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1." (Id. at 35-36).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform "light" work. (Id. at 36-39). Specifically, the ALJ found that Plaintiff retained the RFC to perform as follows:

> "light" work as defined in 20 CFR 404.1567(b) and 416.967(b) as lifting and carrying up to ten pounds frequently and up to twenty pounds occasionally, standing and walking for about six hours and sitting for about two hours during an eight-hour workday. However, [Plaintiff's] nonexertional limitations limit her to alternating between sitting and standing as needed, as well as limiting her walking to 100 feet at a time. Further, [Plaintiff] is blind in her left eye, which limits her visual acuity, perception, accommodation and color and field of vision on the left. Additionally, [Plaintiff] is limited to simple routine repetitive tasks, as well as limited to [sic] interaction with others. Finally, [Plaintiff] is limited to low production and low stress work environments.

(Id. at 36). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id. at 37). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.). Neither party has objected to the ALJ's finding of Plaintiff's RFC.

4

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a janitorial worker and a certified nursing assistant ("CNA") because such work is classified as "heavy" and "medium" in exertion respectively. (Id. at 39). At the fifth and final step, the ALJ concluded, based on the testimony of a vocational expert and "considering [Plaintiff's] age, education, work experience, and residual functional capacity, [that] there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Id.). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between September 3, 2006, and the date of his decision on January 14, 2011. (Id. at 40).

## II.      STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  782

F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v.

Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the

[Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

Commissioner's final decision is supported by substantial evidence.  Hays v. Sullivan, 907 F.2d

at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775.  Indeed, this is

true even if the reviewing court disagrees with the outcome—so long as there is "substantial

evidence" in the record to support the final decision below.  Lester v. Schweiker, 683 F.2d 838,

841 (4th Cir. 1982).

## III.    DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying

her claims on two grounds: (1) "The ALJ failed to ask a proper hypothetical question," and (2)

"The ALJ failed to comply with 20 C.F.R. § 404.1527 by failing to accord adequate weight to

the opinion of [Plaintiff's] treating therapist."  (Doc. No. 12 at 9, 11).  The Court reviews each of

these in turn.

A.    Whether the ALJ's Hypothetical Question was Improper

Plaintiff first argues that the ALJ's hypothetical question directed to the vocational expert

("VE") was improper because it did not include qualifying language regarding Plaintiff's

"limited vision."  (Id. at 10).  Specifically, Plaintiff argues that the hypothetical question failed to

specify that her partial blindness "limit[ed] her visual acuity, perception, accommodation and

color and field of vision." (Id.). The ALJ asked the VE:

> [A]ssume we have a hypothetical person who's age ranges from . . . 40 to 44 who [h]as . . . a ninth grade education who can sit for six hours, stand for six, alternating as needed, who can walk 100 feet at a time, who can lift 20 pounds, who can perform simple, routine, repetitive tasks in a low stress, low production environment with limited interaction with . . . co-workers and public . . . who has limited vision, that is no vision in the left eye but according to the CE 20/20 in the right eye, no actually it's 20/40 correctable to 20/20. Are there any light jobs that such a person can perform?

(Doc. No. 9 at 67-68). The VE responded that Plaintiff could perform the light and unskilled jobs of folder, linen grader, and sorter, and that there are more than 12,000 of these jobs available in North Carolina. (Id. at 68-69). Additionally, the VE verified that his responses to the hypothetical question had been consistent with the information provided in the Dictionary of Occupational Titles ("DOT"). (Id.). After proposing the hypothetical question, the ALJ allowed Plaintiff's counsel to cross-examine the VE. (Id. at 69). During cross-examination, Plaintiff's counsel added qualifications to the hypothetical regarding Plaintiff's anxiety and depression, but counsel failed to raise any objections to the hypothetical or to question the VE regarding Plaintiff's visual limitations. (Id.).

Plaintiff correctly cites Walker v. Bowen for its holding that a VE's opinion "must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." 889 F.2d 47, 50 (4th Cir. 1989). In addition, an ALJ's hypothetical questions must "adequately reflect" a plaintiff's RFC as determined by sufficient evidence. Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005). However, the ALJ has some discretion in constructing hypothetical questions to communicate a claimant's limitations to the VE. See Johnson, 434 F.3d at 659; Walker, 889 F.2d at 50-51.

Here, the ALJ relied on substantial evidence when determining Plaintiff's RFC and

phrasing the hypothetical question to the VE.  While the hypothetical did not exactly match the

language of his RFC finding, it appropriately accounted for all of Plaintiff's visual limitations

ultimately found by the ALJ to be supported by substantial evidence.  Indeed, the ALJ's

hypothetical to the VE, which presented Plaintiff as having <u>no vision</u> in the left eye but 20/40 in

the right eye correctable to 20/20, (Doc. No. 9 at 68), was more limiting than his RFC finding,

which presented Plaintiff as having blindness that "limits her visual acuity, perception,

accommodation and color and field of vision on the left," (<u>Id.</u> at 36-39).  The VE's response was

clear and direct and does not evidence a misunderstanding of the question or the visual

limitations described by the ALJ.  Additionally, the VE, being familiar with the DOT and the

specific requirements of the jobs he identified, stated that his responses to the hypothetical

question were consistent with the information provided in the DOT.  Plaintiff cites no authority

holding that the qualifying language sought by Plaintiff is required in an ALJ's hypothetical

question in order to make the question proper.  Accordingly, the Court finds that the ALJ's

hypothetical question was proper and overrules Plaintiff's first objection.

  B.  <u>Whether the ALJ Properly Considered the Opinion of Plaintiff's Treating
Therapist</u>

  Plaintiff contends that the ALJ improperly disregarded the opinion of Plaintiff's therapist,

Ms. Linda Avery.  (Doc. No. 12 at 9, 11).  Specifically, Plaintiff argues that the ALJ discounted

Ms. Avery's opinions because they were inconsistent with Plaintiff's treatment notes; however,

the ALJ failed to identify the inconsistencies that caused him to accord Ms. Avery's opinions

"little weight."  (<u>Id.</u> at 14-15).

  Physical therapists and clinical social workers play an important role in the rehabilitation

process, but, as Plaintiff concedes, a licensed clinical social worker is not an "acceptable medical source," but an "other source." SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006); 20 C.F.R. § 404.1513(d) (2011). Although an ALJ must determine the weight to be given to an "other source's" opinion, 20 C.F.R. § 404.1527(c), such opinions, on their face, are entitled to significantly less weight. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). An ALJ must consider all of the available evidence in an individual case, should evaluate "other sources" on key issues such as impairment severity and functional effects, and must consider "other source" evidence when evaluating an "acceptable medical source's" opinion. SSR 06-03p. However, an ALJ is not required to adopt any particular source's opinion if the ALJ determines that it is inconsistent with other significant evidence, 20 C.F.R. § 404.1527(c), and an "other source's" opinion may not be given controlling weight, SSR 06-03p. In fact, an ALJ may completely reject any opinion that is inconsistent with other significant record evidence. See Craig, 76 F.3d at 590 (upholding ALJ's rejection of treating physician's opinion because the record contained contradictory evidence).

Plaintiff faults the ALJ's discussion because he gave Ms. Avery's opinion "little weight" without setting out a factor-by-factor discussion of his analysis. (Doc. No. 12 at 13-15). The ALJ was not required to give great weight to Ms. Avery's opinion where it was inconsistent with other substantial evidence. Craig, 76 F.3d at 590. He was also not required to explicitly discuss each factor in his decision. Henley v. Astrue, No. 3:11-CV-488, 2012 WL 2804846, at *3-4 (W.D.N.C. July 10, 2012) (Whitney, J.); Warren v. Astrue, No. 5:08-CV-149-FL, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009). Instead, the ALJ "generally should explain the weight given to opinions from . . . 'other sources,' or otherwise ensure that the discussion of the

evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p. Ms. Avery's opinions would not have had an effect on the outcome of the case because her opinions, even if given greater weight, were outweighed by the medical and other record evidence in the case. Therefore, the ALJ met his burden of explanation by clearly stating that he gave little weight to Ms. Avery's opinions suggesting that Plaintiff is disabled because they were not consistent with Plaintiff's treatment notes or the totality of the evidence. (Doc. No. 9 at 38-39). Moreover, the ALJ appropriately noted that he gave great weight to Dr. DiNome, an "acceptable medical source," because his opinions were "consistent with the medical evidence, as well as the totality of the evidence." (Id.). Although the ALJ did not cite and compare inconsistencies directly with Ms. Avery's opinions, he discussed substantial medical and other record evidence from several "acceptable medical sources" that was inconsistent with Ms. Avery's opinions. (Id. at 36-39). Accordingly, the Court finds that the ALJ properly considered Ms. Avery's opinions and provided appropriate explanation regarding why he accorded her opinions little weight. Plaintiff's second objection is overruled.

IV.     **CONCLUSION**

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**;

2.      Defendant's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED**; and

3.      The Clerk of Court is directed to close this case.


Robert J. Conrad, Jr.
United States District Judge